STATE of Minnesota, Appellant,

v.

T.L. WITTMAN, a/k/a Terry Wittman, Respondent.

No. C3–90–1483.

Court of Appeals of Minnesota.

Oct. 16, 1990.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., Steven H. Alpert, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Mark Elliot Wersal, St. Louis Park, for respondent.

Considered and decided by DAVIES, P.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

Theresa Wittman pleaded guilty to one count of conspiracy to sell lysergic acid diethylamide ("LSD") in 10 or more dosage units, in violation of Minn.Stat. §§ 152.02, subd. 2(3); 152.09, subd. 1(1); 152.096, subd. 1; 152.15, subd. 1(1)(iii) (Supp.1989). At sentencing, the trial court departed dispositionally from the sentencing guidelines and the state appeals.

## FACTS

Theresa Wittman's conviction for conspiracy to sell LSD is based on evidence of purchases by Kimberly Barnes. Arrested as part of an ongoing drug investigation, Barnes admitted purchasing LSD from Wittman and her housemate, Carolyn Reisberg.

Barnes' statement suggested that Reisberg was her primary provider. She reported that Wittman once sold her LSD when Reisberg was not at home and that Wittman relayed telephone messages. Wittman did not usually participate directly in the transactions, and her involvement in the sales apparently ended when Reisberg moved out.

The state charged Reisberg with one count of conspiracy to sell and one count of sale of LSD. As part of a plea agreement, Reisberg agreed to "help law enforcement" and was permitted to plead to a reduced charge of possession of LSD. This agreement lowered Reisberg's presumptive sentence from a minimum of 24 months executed, to a stayed sentence and corresponding probation. Wittman declined a similar offer but later pleaded to the crime charged when the state agreed not to seek an upward departure from the sentencing guidelines.

At sentencing, Wittman sought a stay of her presumptively executed, twenty-four month sentence. Focusing on Barnes' statement, Wittman argued that the police's own evidence established her minor or passive role in the conspiracy. The trial court agreed, staying imposition of the sentence and placing Wittman, who had no prior criminal record, on probation for five years. The court also ordered Wittman to perform 200 hours of community service and spend 60 days on "home detention status."

## ISSUE

Did the trial court abuse its discretion by departing dispositionally from the sentencing guidelines?

## ANALYSIS

In individual cases involving "substantial and compelling circumstances," the sentencing guidelines allow departures from the presumed sentences. *See* Minn.Sent. Guidelines II.D. The guidelines provide a nonexclusive list of factors which may be considered as reasons for departure. *See* Minn.Sent. Guidelines II.D.2.

Our review of a trial court's sentence is governed, in part, by Minn.Stat. § 244.11 (1990), which provides:

[T]he [appellate] court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court. This review shall be in addition to all other powers of review presently existing.

We are also guided by the supreme court's holding that if the trial court record supports reasons which are stated as grounds justifying a departure, the departure will be allowed. *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985).

The trial court's departure report lists three reasons for departing: (1) "considerable evidence" that Wittman "played a minor or passive role in the crime" compared to Riesberg; (2) Riesberg was permitted to plead to a substantially reduced charge; and (3) Wittman has a young child. The court concluded that imposing the presumptive sentence "would present too great a disparity when compared with the co-defendant's sentence."

The record supports the trial court's finding that Wittman played a minor or passive role. Barnes' statement both establishes Wittman's participation and indicates that Wittman's role in the conspiracy was limited and relatively minor compared to Riesberg's.

■ The state maintains that even if Wittman's minor or passive role is supported by the record, this alone will not justify a dispositional departure because the court must also find the defendant to be amenable to probation. We disagree. The guidelines specifically provide that a defendant's "minor or passive role in the crime" may be considered a mitigating factor justifying a downward dispositional departure under the guidelines. *See* Minn. Sent. Guidelines II.D.2.a.(2). It is a trial court's function, especially when acting as trier-of-fact, to determine whether the defendant's role was relatively passive. *State v. Carson*, 320 N.W.2d 432, 438 (Minn.1982).

Supreme court decisions have differentiated between the "culpability" rationale underlying the guidelines' listed factors and the "best interests" concept underlying the amenability to probation factor. *See State v. Wright*, 310 N.W.2d 461, 462–63 (Minn. 1981); *see also State v. Heywood*, 338 N.W.2d 243, 244 (Minn.1983). These cases identified amenability to probation as an additional and independent ground for departure. We find nothing in the guidelines or the supreme court's holdings, however, that requires amenability to probation as a precondition to a dispositional departure.

■ The state points to language in *State v. Carter*, 424 N.W.2d 821 (Minn. App.1988) as requiring amenability to probation to justify a dispositional departure. Citing *Heywood*, *Carter* concludes "in order [for the trial court] to depart dispositionally, the offender must be amenable to probation." *Id.* at 824. *Carter*, however, did not address the defendant's amenability to probation until first deciding that the trial court's stated reason was insufficient. *Id.* at 823–24. Read in this context, *Carter* does not require amenability to probation as a prerequisite to a dispositional departure.

■ Amenability is logically relevant to a decision of whether to place the defendant on probation. We have no reason to believe that Wittman is unamenable to probation in light of her zero criminal history score. Nonetheless we see no error in the trial court's ordering a dispositional departure without a written finding of probation amenability.

We also observe that the recently amended comment to Minn.Sent. Guidelines II.D.1 provides:

> The use of the factors "amenable to probation (or treatment)" or "unamenable to probation" to justify a dispositional departure, could be closely related to social and economic factors. The use of these factors, alone, to explain the reason for departure is insufficient and the trial court shall demonstrate that the departure is not based on any of the excluded factors.

Minn.Sent. Guidelines comment II.D.101. (Revised Aug. 1, 1989). Although this comment neither prohibits nor requires consideration of amenability, it suggests that amenability should be a supporting reason rather than a prerequisite. We conclude that a finding of amenability to probation is not required in every dispositional departure.

## DECISION

The record supports the trial court's finding of Wittman's limited role, and this basis sufficiently supports a dispositional departure. We reject the state's argument that a specific finding on amenability to probation is required to support a dispositional departure.

Affirmed.