**STATE of Minnesota, Appellant,**

v.

**Cleofoes McCALISTER, Jr., Respondent.**

**No. C9–90–1746.**

Court of Appeals of Minnesota.

Nov. 6, 1990.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for appellant.

William E. Falvey, Ramsey Co. Public Defender, Richard J. Coleman, Asst. Public Defender, St. Paul, for respondent.

Considered and decided by WOZNIAK, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This is an appeal by the state from a dispositional departure for the offense of receiving stolen property. We affirm.

## FACTS

Respondent McCalister was charged by separate complaint with receiving stolen property and with a fifth degree controlled substance offense (possession of cocaine) arising from separate incidents. McCalister was tried by the court, and convicted, of receiving stolen property. He then entered a guilty plea on the possession offense. The plea agreement provided that the two offenses were to be sentenced concurrently.

McCalister had accumulated 170 days jail credit on the receiving stolen property offense and 99 days on the drug offense. The presumptive sentences were 19 months executed for the property offense and 19 months stayed for the drug offense. Therefore, if McCalister were to be given the presumptive sentence, he would only serve, assuming all good time, approximately six and two-thirds months in the state prison.

The trial court, in considering a dispositional departure, cited a Department of Corrections policy that nonviolent offenders should not be sentenced to a state institution if they would serve less than a full 12 months. Defense counsel also argued possible mitigating factors, including McCalister's family situation, a job offer available to him, and his asserted need for drug treatment. After a discussion of whether McCalister had a drug problem, the court indicated it needed the full 13 months of remaining time as a sanction for probation violation. The trial court noted the lack of time that would remain for later use as a sanction for violating probation if further jail time was imposed.

The trial court then departed downward dispositionally, giving McCalister a stayed 19-month sentence, with full probationary terms, but no further jail time beyond that already served. The state filed this appeal.

## ISSUE

Did the trial court abuse its discretion in departing dispositionally?

## ANALYSIS

The state argues that the Department of Corrections policy cited was not a proper grounds for a dispositional departure, and that there were no mitigating factors supporting a downward departure. Appellate courts do not generally interfere with a trial court's decision to depart downward. *See State v. Kindem,* 313 N.W.2d 6, 8 (Minn.1981).

Although the Sentencing Guidelines Commission has not made avoidance of short-term commitments an official ground for a dispositional departure, the Department of Corrections does have a policy discouraging short-term commitments (under one year) for nonviolent offenders.

If the trial court's reason for departure is invalid but the record reflects adequate grounds for departure, the depar-

ture must be affirmed. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). A dispositional departure decision

> [focuses] more on the defendant as an individual and on whether the presumptive sentence would be best for him and for society.

*State v. Heywood,* 338 N.W.2d 243, 244 (Minn.1983). The amount of jail credit a defendant has accrued is an individual circumstance which affects the relative value of a prison term, as compared with probation, for both the individual defendant and society. The trial court carefully balanced the relative value of McCalister's remaining time served in prison against use of additional jail time as a sanction for a probation violation. The record supports a finding that the administration of justice would not be served by requiring McCalister to serve six months in a state institution when a reasonable alternative exists.

■ The state contends that a downward dispositional departure *must* be supported by a stated finding of amenability to probation, which was not made here.

This court in *State v. Carter,* 424 N.W.2d 821, 824 (Minn.App.1988), did state, "[i]n order to depart dispositionally, the offender must be amenable to probation." *Carter,* however, does not explicitly hold a *finding* of amenability is required for a dispositional departure. This court recently held that such a finding is not required:

> *Carter,* however, did not address the defendant's amenability to probation until first deciding that the trial court's stated reason was insufficient. [*Carter,* 424 N.W.2d] at 823–24. Read in this context, *Carter* does not require amenability to probation as a prerequisite to a dispositional departure.

*State v. Wittman,* 461 N.W.2d 247 (Minn. App.1990). Amenability to probation, although relevant to a dispositional departure, "should be a supporting reason rather than a prerequisite." *Id. Wittman* is logical and persuasive.

■ The trial court questioned McCalister about his plans for employment, and discussed the chemical dependency issue at length. The court discussed the amount of time McCalister would have "hanging over his head" if placed on probation. Taken in total, this record shows the court adequately considered McCalister's prospects of success on probation. The record also shows that, although the trial court had a proper concern for McCalister's future ability to stay straight, it did not consider him totally unamenable to probation, and properly took McCalister's record into account in setting the terms of probation.

The PSI has not been included in the record on appeal. *See State v. Anderson,* 351 N.W.2d 1, 2 (Minn.1984) (appellant has the responsibility of presenting a record adequate for review). The record as a whole supports the departure; both as to amenability to probation and as to the relative merits of a prison term measured against a lengthy probation term, but no further jail time.

Finally, the state argues that the trial court abused its discretion by imposing no additional jail time as a condition of probation. However, there are no guidelines applicable to conditions of probation. Minn. Sent.Guidelines III.A.2. Moreover, the trial court properly determined that imposing additional jail time would leave insufficient time remaining as a possible sanction for any future probation violations.

### DECISION

The trial court did not abuse its discretion in departing dispositionally from the presumptive executed sentence.

Affirmed.