**STATE of Minnesota, Respondent,**

v.

**George Edward ENDER, Appellant.**

No. C7–90–1986.

Court of Appeals of Minnesota.

March 12, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Freeman, Hennepin County Atty., Lee W. Barry, Sr. Asst. County Atty., Minneapolis, for respondent.

Allan H. Caplan, Jeffrey B. Ring, Allan H. Caplan & Associates, P.A., Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

LANSING, Judge.

George Ender appeals the trial court's decision to deny discharge and dismissal of charges under Minn.Stat. § 152.18 following his completion of probation. We reverse and remand for entry of dismissal.

## FACTS

George Ender pleaded guilty to unlawful possession of a controlled substance in March 1987. The court, proceeding under Minn.Stat. § 152.18, stayed entry of judgment and placed Ender on three year's probation. As conditions of probation, the court ordered Ender to serve thirty days, to abstain from nonprescription drug use, to pay court costs of $50.00, and to comply with "those conditions regularly prescribed by the Department of Court Services on a form which you will be given and will be asked to sign." This form contained a standard clause requiring Ender to "[o]bey all local ordinances and state and national laws."

In January 1990, Ender's probation officer prepared a report summarizing Ender's probation history. The probation officer concluded that Ender had "generally followed through with the requirements of probation and it would appear a dismissal under Statute 152.18 might be appropriate."

After preparing the report, the probation officer received a letter from an Assistant Hennepin County Attorney who was not assigned to Ender's case. The letter recounted a personal confrontation between the attorney and Ender and accused Ender of reckless driving and of making a threatening phone call. The assistant county attorney requested "that the defendant's pending probationary discharge be cancelled" and "that the defendant be returned to regular supervision and that his probationary term be extended to the full extent provided for by statute." The probation officer apparently attached a copy of the letter to the report and submitted both to the trial court. Neither the assistant county attorney who wrote the letter nor the probation department provided Ender or his attorney with a separate copy of the letter.

Following the hearing, the trial court discharged Ender from probation but declined to dismiss the controlled substance charge. Instead, based on the contents of the probation report and a review of Ender's driving record, the court entered judgment of conviction and permanently stayed imposition of sentence.

Ender moved for reconsideration, arguing that (1) his compliance with the terms of probation required a dismissal; (2) the assistant county attorney's ex parte communication denied him due process; and (3) absent a dismissal, he was entitled to withdraw his guilty plea. The court denied Ender's motions, concluding that the file supported a conclusion that Ender did not fully comply with the terms of his proba-

tion and that the guilty plea should not be vacated.

## ISSUES

1. Was Ender entitled to receive a copy of his probation report, including the letter submitted with the report, before his section 152.18 discharge and dismissal hearing?

2. Is Ender entitled to section 152.18 discharge and dismissal on appeal?

## ANALYSIS

### I

■ A postprobation hearing at which the trial court determines the appropriateness of a discharge and dismissal under Minn.Stat. § 152.18 (1990) is essentially a continuation of the sentencing process. At both the presentence and postprobation stage, the court may rely on an investigative report to determine the sentencing disposition that best serves society and the individual's interests. *See* Minn.Stat. §§ 260.311, subd. 3, 609.115 (1990).

Because the postprobation hearing is an integral stage of the sentencing process, the procedural rules that apply to presentence investigation reports must be applied to postsentence probation reports. Accordingly, a section 152.18 discharge and dismissal candidate must be provided with a copy of the probation report and an opportunity to challenge any part of the report. *See* Minn.R.Crim.P. 27.03, subd. 1 (copy of the presentence report shall be provided to defendant or defendant's counsel, and defendant shall have an opportunity to controvert any part of the report); Minn.Stat. § 609.115, subd. 4 (requiring disclosure of written presentence report to defendant's counsel).

■ It is not clear from the record, brief, or appellate argument how or when Ender's attorney learned of the existence of the county attorney's letter. Neither of the attorneys who argued this appeal appeared at the original discharge and dismissal hearing, and the procedural and factual gaps in the proceedings remain unexplained. Because the sentencing court apparently has an open file policy, Ender's attorney might have seen the letter when he appeared at the original discharge hearing. However, the transcript of that hearing is devoid of any reference to the letter. On this record, we cannot conclude that Ender's attorney received a copy of the probation report that included the letter from the assistant county attorney. That Ender did not receive a copy of the letter impermissibly denied him an opportunity to rebut the letter's allegations.

### II

■ Minn.Stat. § 152.18 was designed to give a "second chance" to those found guilty of relatively minor offenses involving possession of a controlled substance. *See Bourbon Bar & Cafe Corp. v. City of St. Paul,* 466 N.W.2d 438 (Minn.App.1991). After trial or upon a guilty plea, the court may defer entering a judgment of guilt for possession of a controlled substance by placing the defendant "on probation upon such reasonable conditions as it may require." Minn.Stat. § 152.18, subd. 1. If the defendant

> does not violate *any* of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against that person.

*Id.* (emphasis added).

Ender argues that because his traffic offenses were minor violations of a boilerplate term of probation, and because he complied with the specific court-imposed conditions of his probation, he was entitled to discharge and dismissal as a matter of law. We agree that conditions for successful completion of probation under section 152.18 should not be hypertechnically applied to defeat the statute's purpose.

In the same vein, we should not narrowly interpret the language "the court *shall* discharge" to preclude exercise of discretion by the trial court in determining whether to grant discharge and dismissal. At some point, excessive traffic violations may rise to the level of a probation violation. Other illegal or dangerous acts, while not result-

ing in convictions, may also reveal that the "second chance" afforded by the statute is inappropriate or unwarranted. As in all sentencing matters, the court must have the discretion to fashion a sentence that best serves the individual and society.

 Ordinarily, we would remand for the trial court to reconsider, within the ambit of its discretion, the appropriateness of discharge and dismissal. However, two postsentencing circumstances confirm that remand for a third hearing is unwarranted. First, no action has been taken, either by initiation of a criminal charge or a probation revocation proceeding, that would test the allegations contained in the assistant county attorney's letter. The assistant county attorney who wrote the letter has become a Hennepin County judge, and future proceedings are unlikely. Second, on appeal, the State conceded that the simple assault conviction listed on the probation report was inaccurate and that the assault charge had been dismissed. Apparently this error was not brought to the attention of the trial court judge.

The negative information remaining in the report consists of two traffic violations: excessive speeding and an illegal U-turn. Given the relatively minor nature of these traffic offenses, further trial court proceedings would be excessive. Consequently, we grant Ender's request for an appellate order of discharge and dismissal. *See* Minn.R.Civ.App.P. 103.04 (appellate courts may reverse, affirm, modify, or take any other action that the interests of justice require); Minn.R.Crim.P. 28.01, subd. 2 (civil appellate rules apply to criminal appeals).

## DECISION

Before Ender's section 152.18 discharge and dismissal hearing, his attorney should have received a copy of the probation report, including the letter submitted with the report, and Ender should have been provided with an opportunity to challenge any part of the report or letter. Because Ender's minor traffic violations did not rise to the level of a probation violation, we hold that Ender is entitled to section 152.18

discharge and dismissal on appeal. We remand for entry of dismissal.

Reversed and remanded.