**STATE of Minnesota, Appellant,**

v.

**Jean Pierre WRIGHT, Appellant.**

**No. A04–2243.**

Court of Appeals of Minnesota.

June 28, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and Earl E. Maus, Cass County Attorney, Walker, MN, for appellant.

Larry Kimball, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; TOUSSAINT, Chief

Judge; and HUSPENI, Judge.*

## OPINION

RANDALL, Judge.

Respondent, Jean Pierre Wright, pleaded guilty to first-degree driving while impaired (DWI) and gross-misdemeanor driving after cancellation as inimical to public safety. The district court then stayed adjudication of respondent's conviction. The state appealed 27 business days after the district court's decision in reliance on Minn. R.Crim. P. 28.05, subd. 1(1), which allows the state to appeal felony sentences within 90 days of the sentencing order. A special term panel of this court questioned jurisdiction, but deferred ruling on the issue. At special term, respondent argued that the state's appeal was not timely, claiming the state had only 5 days, not 90, to file its appeal.

The state argues that Minn.Stat. § 169A.276, subd. 1(b) (2002) prohibits the district court from staying adjudication in felony DWI cases. The state also argues that no special circumstances exist warranting a stay of adjudication, and neither the probation officer's recommendation nor the impact of a conviction on respondent's employment are sufficient to support a stay of adjudication.

First, the state's appeal is from a sentence. Thus, this court has jurisdiction to decide this case on its merits. We conclude the district court erred by staying adjudication of respondent's conviction on these facts. We reverse and remand for resentencing.

## FACTS

On September 7, 2004, respondent pleaded guilty to first-degree DWI and gross-misdemeanor driving after cancellation as inimical to public safety. This was respondent's fourth alcohol-related driving offense.

Respondent appeared before the district court on October 18, 2004, for sentencing. At the hearing, respondent argued that he was turning his life around and had found success working as a slots manager at the Northern Lights Casino. Respondent argued that he would lose his job if he was convicted of a felony and, thus, he requested that the court stay adjudication of his conviction. The PSI recommended that the court stay adjudication.

The state, while sympathizing with respondent's plight, opposed a stay of adjudication and, instead, recommended a stay of execution. In support of its argument, the state noted that this was respondent's fourth alcohol-related driving offense, that respondent had been convicted of burglary in 1996, and certain evidence indicated that respondent would lose his job as slots manager even if the court stayed adjudication.

The district court followed the recommendation of the PSI and stayed adjudication of respondent's conviction. While the court did not make lengthy findings regarding its decision, it did state that respondent "will probably get his job back" as a result of the stay of adjudication. The court then ordered respondent to abide by the terms of the stay of adjudication for seven years (no further arrests, abstaining from alcohol, and attending counseling); serve six months in the Cass County Jail; undergo 30 days of home monitoring with an alco-sensor; and pay $1,625 in fines. The state's appeal followed.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## ISSUE

Does this court have jurisdiction over the state's appeal, despite the state's failure to file within five days as required by Minn. R.Crim. P. 28.04, subd. 2(1) (governing procedure for appeal of pretrial orders)?

## ANALYSIS

### I. Appealability

■ The state filed its appeal from the district court's stay of adjudication on November 24, 2004, 27 business days after entry of the district court's order. On December 22, 2004, a special-term panel of this court questioned jurisdiction over the state's appeal based on the language of *State v. Thoma,* 569 N.W.2d 205, 208 (Minn.App.1997), *aff'd mem.,* 571 N.W.2d 773 (Minn.1997) (classifying stays of adjudication as pretrial orders for purposes of appeal). *Compare* Minn. R.Crim. P. 28.04, subd. 2 (allowing for appeal from a *pretrial order* within 5 days of notification of the decision) (emphasis added), *with* Minn. R.Crim. P. 28.05, subd. 1(1) (allowing the prosecutor to appeal from an imposed or stayed felony *sentence* within 90 days of entry of an order) (emphasis added). The special term panel deferred the jurisdictional question to this panel. Before reaching the merits of the state's argument, we need to determine whether this appeal should be classified as an appeal from a pretrial order or an appeal from a sentence.

In *State v. Thoma,* this court consolidated five appeals where the state was contesting stays of adjudication on misdemeanor charges. 569 N.W.2d at 206-07. The *Thoma* court held that a district court's stay of adjudication in a non-felony case was appealable by the state as a "pretrial order" under Minn. R.Crim. P.

28.04, subd. 1(1). *Id.* at 206-07. The *Thoma* court noted that the supreme court had previously granted further review of a pair of non-felony stays of adjudication: *State v. Cash,* 558 N.W.2d 735 (Minn.1997), and *State v. Foss,* 556 N.W.2d 540 (Minn. 1996).[1] *Id.* at 208. None of these cases dealt with the precise issue that we face here: i.e., whether the state's appeal of a *felony* stay of adjudication, where the defendant was ordered to serve jail time, should be treated as an appeal from a sentence or a pretrial order.

As the state points out in its brief to the special term panel, there is precedent for its argument that stays of adjudication in felony proceedings are appealable as sentences rather than pre-trial orders. *See State v. Krotzer,* 548 N.W.2d 252, 254-55 (Minn.1996); *State v. Lattimer,* 624 N.W.2d 284, 286-87 (Minn.App.2001), *review denied* (Minn. May 14, 2001). In *Krotzer,* which was treated in all respects as an appeal from a felony sentence, the supreme court addressed the state's argument that a stay of adjudication from a conviction for criminal sexual conduct in the third degree was an abuse of discretion. 548 N.W.2d at 254-55. Then, in *Lattimer,* the district court stayed adjudication of a charge of criminal vehicular operation resulting in great bodily harm, a felony. 624 N.W.2d at 290. The state appealed *and argued its appeal as an appeal from a sentence. Id.* The *Lattimer* court held:

Logic dictates that whether a district court (1) executes a sentence and incarcerates a person, (2) stays execution or imposition of a sentence coupled with terms of probation that may include incarceration up to 12 months, or (3) stays adjudication of guilt but imposes a sentence consisting of terms of probation

---

**1.** We note that the issue of jurisdiction was not discussed in either decision.

that may include incarceration up to 12 months, that each disposition is a sentence. *Id.* at 286. The court went on to point out that "[b]ecause *Krotzer* is crystal clear that incarceration is allowed upon a stay of adjudication, the stay of adjudication is a sentence." *Id.* at 286–87.

The state also points to this court's decision in *State v. Angotti,* 633 N.W.2d 554, 556 (Minn.App.2001). In *Angotti,* this court was faced with a stay of adjudication of a felony charge where the district court had ordered five years of probation and no jail time. *Id.* at 555. The *Angotti* court relied on the logic of *Lattimer* in advancing the proposition that, because district courts have the power to "impose terms and conditions of probation, including incarceration for up to 12 months" when staying adjudication, a stay of adjudication must then be a sentencing function. *Id.* at 556. The *Angotti* court explicitly stated that "[t]he stay of adjudication, as applied in this case, is a sentencing function of the district court." *Id.*

Respondent, in support of his argument that the state's appeal is untimely, relies on *State v. Verschelde,* 595 N.W.2d 192, 196 (Minn.1999).[2] Respondent argues, based on the supreme court's statement that "a stay of adjudication is considered a pretrial order for purposes of appeal," that a stay of adjudication of any conviction, felony or misdemeanor, must be classified as a pretrial order for purposes of appeal. *Id.* (citing *Thoma,* 569 N.W.2d at 207–08). The supreme court's statement in *Verschelde* is distinguishable. In *Verschelde,* the supreme court addressed the issue of whether it should create a broad rule es-

tablishing a *defendant's* right to appeal following a stay of adjudication entered pursuant to section 152.18, subd. 1 (1998).[3] *Id.* at 196. We note first, and importantly, that the defendant in *Verschelde consented to the stay of adjudication* in accordance with the requirements of section 152.18, and the supreme court held that "[w]hen a defendant consents to a stay of adjudication, he waives his right to an appeal." *Id.* Here, there was no correlative waiver and there was no Minn.Stat. § 152.18. The court in *Verschelde* was faced with a criminal defendant who consented to a stay of adjudication, but later decided to appeal. *Id.* at 192–93. He was, in essence, attempting to have his cake and eat it too.

Here, the district court stayed adjudication of respondent's conviction over the state's objection. The state did believe respondent had effected some meaningful change in his behavior and would have gone along with a stay of execution. But it is crystal clear that the state did not *consent* to the court's stay of adjudication. The state's position here is not at all similar to the defendant's position in *Verschelde.*

The district court stayed adjudication of a felony conviction and imposed extensive conditions of probation on respondent, including ordering that respondent abide by the terms of the stay for seven years (no further arrests, abstaining from alcohol, and attending counseling); serve six months in the Cass County Jail; undergo 30 days of home monitoring with an alco-sensor; and pay $1,650 in fines. We find the reasoning of *Krotzer, Lattimer,* and *Angotti* to be persuasive.

---

2. Respondent, in apparent reliance on his jurisdictional argument to the special term panel, did not submit a brief challenging the merits of the state's appeal.

3. The language of section 152.18, which addresses deferral of prosecution for certain first-time drug offenders, has not changed since the supreme court issued its decision in *Verschelde.*

The language of Minn.Stat. § 169A.276 (2002) supports our conclusion that the state is appealing a sentence rather than a pretrial order. Section 169A.276 sets forth a minimum mandatory sentence of three years in prison for first-degree DWI convictions in Minnesota. Subdivision 1(b) states that district courts "may stay execution of this mandatory sentence ... but may not stay imposition or adjudication of the sentence or impose a sentence that has a duration of less than three years." Minn.Stat. § 169A.276, subd. 1(b). As stated above, respondent pleaded guilty to first-degree DWI and driving as inimical to public safety. A finding by this court that the state is appealing a "pretrial order" would circumvent the intent of the legislature to bar stays of adjudication in first-degree felony DWI cases.

We conclude the state's appeal is from a sentence rather than a pretrial order; the state's appeal is timely; and we will address the merits.

## II.  Sentence

■■■ The state argues that the circumstances of this case and the record do not support a stay of adjudication. First, it is clear the district court's decision to stay adjudication is within the court's "inherent judicial power" when the decision is supported by "special circumstances." *Krotzer*, 548 N.W.2d at 254–55. A clear-abuse-of-discretion standard applies to appellate review of stays of adjudication. *Angotti*, 633 N.W.2d at 556.

Here, the district court stayed adjudication based on the fact that respondent would lose his job as a slots manager if a felony conviction were entered. We can understand the district court's motive, but it is not at all clear that the potential loss of employment is sufficient, by itself, to support a stay of adjudication on a felony. See *State v. Twiss*, 570 N.W.2d 487, 487 (Minn.1997) (holding that possibility of loss of employment due to gross misdemeanor conviction was not a "special circumstance" supporting stay of adjudication).

Importantly, the record indicates that respondent's employer considered his stay of adjudication to be the equivalent of a conviction until respondent satisfied the seven years of his probation. The record contains evidence of the employer's intention to terminate respondent regardless of what the sentence was called. The record does not support the conclusion that the district court's attempt to save respondent's job was successful.

This was respondent's fourth alcohol-related driving offense. Thus, respondent was charged with first-degree DWI under Minn.Stat. § 169A.24, subd. 1(1) (2002). As stated above, the Minnesota Legislature has attempted to prohibit district courts from staying adjudication in first-degree DWI cases. Minn.Stat. § 169A.276, subd. 1(b). We do not rest our decision on that statute. The constitutionality of a statute attempting to limit the inherent sentencing powers of the judiciary was not raised, briefed, or argued on a "separation-of-powers" basis. Thus, we do not address that issue. It is enough to note that the legislature has indicated a clear intent to bar stays of adjudication on felony DWI convictions. Since any statute stands until successfully challenged, that legislative expression, at the very least, heightens the threshold for facts and circumstances justifying a stay of adjudication on this new statute, meaning, Minnesota's first felony DWI statute.

We conclude the district court erred when it stayed adjudication of respondent's sentence for felony DWI on these facts. We reverse and remand for resentencing.

## DECISION

The state appealed a stay of adjudication on a felony charge where part of the dis-

trict court's sentence included jail time as a condition of the stay. The state's appeal is from a sentence. Accordingly, pursuant to Minn. R.Crim. P. 28.05, subd. 1(1), the state had ninety (90) days to file its appeal, and this court accepts jurisdiction.

The district court erred by staying adjudication of respondent's conviction on these facts.

**Reversed and remanded.**