STATE of Minnesota, Respondent,

v.

Courtney James ALLINDER,
Appellant.

No. A08–0068.

Court of Appeals of Minnesota.

April 8, 2008.

Lori Swanson, Attorney General, St. Paul, MN; and Boyd A. Beccue, Kandiyohi County Attorney, Willmar, MN, for respondent.

Todd V. Peterson, St. Cloud, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge; WILLIS, Judge; and SHUMAKER, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

The notice of appeal indicated that this appeal was filed from a "sentencing order." Because the statement of the case of appellant Courtney James Allinder revealed that the order stayed adjudication, this court questioned jurisdiction. We conclude that the stay of adjudication is appealable and accept jurisdiction.

## FACTS

Allinder was charged with fifth-degree controlled-substance offense, a felony. At the omnibus hearing, he challenged the warrantless search of a container inside his vehicle. After the district court denied Allinder's motion to suppress, Allinder waived his right to a jury trial and proceeded to a stipulated-facts trial under *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). The district court found Allinder guilty as charged but stayed the adjudication of conviction under Minn.Stat. § 152.18 (2006).

## ISSUE

Is a stay of adjudication of conviction in a felony case appealable by the defendant as a matter of right?

## ANALYSIS

With certain exceptions not applicable here, a criminal defendant may not appeal until an adverse final judgment has been entered against him. Minn. R.Crim. P. 28.02, subd. 2(2). A judgment is considered final when there is a judgment of conviction and sentence is imposed or the imposition of sentence is stayed. *Id.,* subd. 2(1). This court's order questioning jurisdiction noted the supreme court's holding that a stay of adjudication is a pretrial order, not a final judgment that a defendant can appeal as of right. *See State v. Verschelde,* 595 N.W.2d 192, 196 (Minn.1999); *see also State v. Lee,* 706 N.W.2d 491, 493–95 (Minn.2005) (reaffirming holding that stays of adjudication are pretrial orders for purposes of appeal).

The supreme court has since clarified its holding in *Lee* in an unpublished order. *State v. Manns,* No. A06–478, 2006 WL 3007850 (Minn. Oct. 24, 2006) (order). The *Manns* court was reviewing this court's dismissal of the state's appeal from a stay of adjudication in a felony case. The supreme court reversed the dismissal, stating:

We here clarify that our holding in *State v. Lee,* that stays of adjudication are to be treated as pretrial orders for purposes of appeal, applies only to stays of adjudication in misdemeanor cases. Appeals from stays of adjudication in felony cases are to be treated as appeals from sentencings, from which an appeal may be taken as provided in Minn. R.Crim. P. 28.02, subd. 2, and 28.04, subd. 1, as the court of appeals correctly held prior to *Lee* in *State v. Wright,* 699 N.W.2d 782 (Minn.App.2005).

*Id.*

*Manns* involved the state's right to appeal a stay of adjudication, rather than the defendant's, which is at issue here. But the language of the *Manns* order is broad: stays of adjudication in felony cases "are to be treated as appeals from sentencings." The order cites Minn. R.Crim. P. 28.02, subd. 2, the rule governing *defense* appeals, as well as the rule that governs prosecution appeals. We conclude that *Manns* applies to defense appeals from felony stays of adjudication.

*Manns* is not a published decision. But this court is bound to follow supreme court precedent. *See Brainerd Daily Dispatch v. Dehen,* 693 N.W.2d 435, 439–40 (Minn. App.2005), *review denied* (Minn. June 14, 2005). There appears to be no authority limiting this duty to the supreme court's published opinions. The statutes do not distinguish between published and unpublished supreme court opinions. *See* Minn. Stat. § 480.06 (2006) (requiring written supreme court decisions in all cases decided by it). There is no provision, as there is for this court's opinions, for the supreme court to issue non-precedential, unpublished decisions. *Cf.* Minn.Stat. § 480A.08, subd. 3(c) (2006) (authorizing court of appeals to issue unpublished, non-precedential opinions). Because *Manns* expressly states that *Manns* is clarifying its holding in *Lee,* a published opinion, this court must assume it was intended to have precedential effect.

Finally, we are mindful that the supreme court, which promulgates the rules of criminal procedure, has the authority to construe those rules as they relate to appellate jurisdiction. *See generally State v. Cheng,* 623 N.W.2d 252, 257 (Minn.2001) (noting supreme court's inherent authority includes authority to enact and interpret rules of procedure). Accordingly, this court is bound to apply the clarification in *Manns* of prior decisions regarding the appealability of stays of adjudication.

*Manns* also cited with approval this court's opinion in *State v. Wright,* 699 N.W.2d 782, 784–85 (Minn.App.2005), which held that the stay of adjudication in the felony case before it was a sentence that the state could appeal under Minn. R.Crim. P. 28.05. *Wright* noted that the defendant had been sentenced to serve time in jail as a condition of the stay of adjudication and cited prior cases relying on such a term of incarceration to support treating stays of adjudication as sentences. *Id.* (citing *State v. Lattimer,* 624 N.W.2d 284, 286–87 (Minn.App.2001), *review denied* (Minn. May 15, 2001), and *State v. Angotti,* 633 N.W.2d 554, 556 (Minn.App. 2001)). Allinder also was ordered to serve a jail term as a condition of the stay of adjudication. We do not read *Manns* as holding that probationary jail time is required to make a felony stay of adjudication a sentence, or final judgment, for purposes of appellate jurisdiction. But the probationary jail term imposed here further supports that result in this case.

## DECISION

Because the stay of adjudication imposed in this felony case is a sentence for

purposes of appellate jurisdiction, this appeal was properly taken.

**Jurisdiction accepted.**