**STATE of Minnesota, Respondent,**

v.

**David Steven MOODY, Appellant.**

No. A11–773.

Court of Appeals of Minnesota.

Dec. 12, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Janice Jude, Mille Lacs County Attorney, Mark J. Herzing, Assistant County Attorney, Milaca, MN, for respondent.

Joseph P. Tamburino, Caplan & Tamburino Law Firm, P.A., Minneapolis, MN, for appellant.

Considered and decided by JOHNSON, Chief Judge; BJORKMAN, Judge; and COLLINS, Judge.*

## OPINION

BJORKMAN, Judge.

Appellant challenges the district court's imposition of jail time as a condition of a stay of adjudication of his guilty plea to fifth-degree controlled-substance possession. Because appellant consented to the district court's stay and the state's recommendation of jail time, we affirm.

## FACTS

Shortly after midnight on June 3, 2010, a Princeton police officer approached a vehicle parked after-hours in a city park. The officer discovered appellant David Steven Moody and a passenger in the vehicle, and observed drug paraphernalia in plain view on the floor behind the driver's seat. The officer searched the vehicle and found a baggie of marijuana and a box that contained a white powder that later tested positive for cocaine. The officer also discovered alcohol in the vehicle's trunk. Moody was arrested and charged with fifth-degree controlled-substance possession, possession of marijuana in a motor vehicle, possession of drug paraphernalia, and underage possession of alcohol.

Moody later pleaded guilty to felony fifth-degree controlled-substance possession pursuant to an agreement in which

the state agreed that adjudication would be stayed and that it would cap its request for jail time at 45 days. The district court stayed adjudication with Moody's consent and placed him on probation for five years pursuant to Minn.Stat. § 152.18, subd. 1. As a probation condition, the district court ordered Moody to serve 45 days in the Mille Lacs County Jail. This appeal follows.

## ISSUES

I. Is the appeal properly before this court?

II. Did the district court abuse its discretion in imposing jail time as a condition of Moody's stay of adjudication pursuant to Minn.Stat. § 152.18?

## ANALYSIS

Moody contends that the district court was not authorized to impose jail time as a condition of probation pursuant to a stay of adjudication, and that imposing jail time is otherwise unreasonable. This court reviews a sentence imposed or stayed for abuse of discretion. *State v. Bradley,* 756 N.W.2d 129, 132 (Minn.App.2008). Statutory interpretation is a question of law, which we review de novo. *State v. Zacher,* 504 N.W.2d 468, 470 (Minn.1993).

### I. Stays of adjudication in felony cases are appealable as of right.

Before discussing the merits of the appeal, we address the state's jurisdictional challenge. Generally, a criminal defendant may not appeal until an adverse final judgment has been entered against him. Minn. R.Crim. P. 28.02, subd. 2(2). A judgment is considered final when there is a judgment of conviction and sentence is imposed or the imposition of sentence is stayed. Minn. R.Crim. P. 28.02, subd. 2(1). Relying on *State v. Verschelde,* 595

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

N.W.2d 192, 196 (Minn.1999), the state argues that Moody waived his right to appeal by consenting to being sentenced pursuant to Minn.Stat. § 152.18, subd. 1. The state further contends that Moody failed to timely pursue his only appeal option, a discretionary appeal pursuant to Minn. R.Crim. P. 28.02, subd. 3 ("In the interests of justice and on petition of the defendant, the Court of Appeals may allow an appeal from an order not otherwise appealable. . . . The petition must be served and filed within 30 days after entry of the order appealed."). We disagree.

◼ Following *Verschelde*, both the supreme court and this court have clarified that felony stays of adjudication are treated as sentences for appeal purposes. *State v. Allinder*, 746 N.W.2d 923, 924 (Minn.App.2008) (holding that "[a] stay of adjudication imposed for a felony offense is a sentence that the defendant may appeal as of right" under Minn. R.Crim. P. 28.02, subd. 2(3)). In *Allinder*, we followed and applied the supreme court's unpublished order in *State v. Manns*, No. A06–478, 2006 WL 3007850 (Minn.App. Oct. 24, 2006). The *Manns* court reversed this court's dismissal of the state's appeal from a stay of adjudication in a felony case, stating that "[a]ppeals from stays of adjudication in felony cases are to be treated as appeals from sentencings, from which an appeal may be taken as provided in Minn. R.Crim. P. 28.02, subd. 2, and 28.04, subd. 1." *Id.* at 925 (quotation omitted). Accordingly, because Moody's underlying fifth-degree possession offense is a felony, his appeal is properly before this court.

## II. The district court did not abuse its discretion in imposing jail time as a condition of Moody's stay of adjudication pursuant to Minn.Stat. § 152.18.

Moody contends that jail time is not appropriate because a guilty plea pursuant to section 152.18 is "not a conviction," and incarceration "is not a reasonable condition of probation" when no conviction of guilt has been entered. He also argues that jail time is unreasonable given his lack of a criminal record and amenability to probation. We address each argument in turn.

◼ We first consider Moody's legal argument. Section 152.18 provides that "the court may, without entering a judgment of guilty and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require and for a period, not to exceed the maximum sentence provided for the violation." Minn.Stat. § 152.18, subd. 1. The statute "was designed to give a second chance to those found guilty of relatively minor offenses involving possession of a controlled substance." *State v. Ender*, 467 N.W.2d 39, 41 (Minn.App.1991) (quotation omitted). If the defendant does not violate any of the conditions of the stay during the probation term, the district court must discharge the defendant and dismiss the proceedings, leaving no public record of the offense. Minn.Stat. § 152.18, subd. 1. The statute does not, by its terms, prohibit incarceration as a condition of a stay. Rather, the statute affords a district court discretion to impose "reasonable conditions." *See id.*

Moody argues that our caselaw provides "no guidance" as to whether section 152.18 allows imposition of jail time as a condition of a stay. We disagree. While we have found no case that directly addresses this question, the law is not wholly devoid of relevant authority. We first acknowledge that our supreme court has expressed "concern about the consequences of imposing jail time at the pretrial stage." *State v. Lee*, 706 N.W.2d 491, 495 (Minn.2005). But at the same time, the supreme court

has "expressly authorized the imposition of conditions of probation, including jail time, as part of a stay of adjudication." *Id.* The supreme court has also observed that "it is standard practice among judges to order defendants to serve a jail term of less than one year as a 'condition' of their probationary term under section 152.18." *State v. Krotzer,* 548 N.W.2d 252, 256 (Minn.1996), *limited on other grounds by State v. Foss,* 556 N.W.2d 540 (Minn.1996); *see also State v. Angotti,* 633 N.W.2d 554, 556 (Minn.App.2001) (stating that with a stay of adjudication, "the district court has the power to impose terms and conditions of probation, including incarceration for up to 12 months" (quotation omitted)); *Ender,* 467 N.W.2d at 40 (addressing stay of adjudication pursuant to section 152.18 where defendant was ordered to serve 30 days in jail as a condition of his three-year probationary term). This is consistent with the fact that local incarceration is a recognized condition of probation. *See* Minn.Stat. § 609.135, subd. 4 (2010) (authorizing court to require a defendant to serve up to one year in jail as a condition of probation).

Not only does our jurisprudence support the district court's ability to impose jail time as a condition for staying adjudication, but Moody's plea agreement contemplated a period of incarceration. The state agreed to a 45–day cap in addition to the stay. Section 152.18 allows the district court to defer further proceedings and place an individual on probation, but only "with the consent of the person" charged. Minn.Stat. § 152.18, subd. 1. Given Moody's agreement to both the section 152.18 stay and the state's plea offer, we conclude that the district court was authorized to impose jail time as a reasonable condition of probation.

Having concluded that the district court was authorized to condition Moody's stay of adjudication on a period of incarceration, we next consider whether the district court abused its discretion in doing so under the circumstances of this case. The determination of probationary jail time is within the district court's discretion. *State v. Sutherlin,* 341 N.W.2d 303, 305 (Minn.App.1983). There are no specific guidelines applicable to conditions of probation. *State v. McCalister,* 462 N.W.2d 407, 409 (Minn.App.1990). "A defendant has no right to insist on any limitation of probationary jail time" as "[t]his determination is entirely discretionary with the trial court." *Sutherlin,* 341 N.W.2d at 305. But "conditions of probation must be reasonably related to the purposes of sentencing and must not be unduly restrictive." *State v. Friberg,* 435 N.W.2d 509, 515 (Minn.1989).

Moody argues that jail time is not reasonable because he has demonstrated his amenability to probation, has a clean criminal record, and presents a low recidivism risk. Moody further contends that, because of these factors, this court "should release him from supervised probation to remedy his already excessive sentence." We are not persuaded. Moody's amenability to chemical-dependency treatment and other probation conditions and his desire to keep his criminal record clean are the very reasons the district court elected to defer entry of Moody's guilty plea and place Moody on probation pursuant to section 152.18. *See Ender,* 467 N.W.2d at 42 (holding that a defendant who does not violate any conditions of probation pursuant to section 152.18 "is entitled" to discharge and dismissal). A period of local incarceration is not inconsistent with section 152.18's rehabilitative purpose. Rather, it reflects the district court's determination that drug-related offenses are serious and warrant a punitive response. *See* Minn. Sent. Guidelines III.A.2 (2008) (stating "there

are several penal objectives to be considered in establishing conditions of stayed sentences, including, but not limited to, retribution, rehabilitation, public protection, restitution, deterrence, and public condemnation of criminal conduct"). On this record, we discern no abuse of discretion in the district court's imposition of a period of jail time as a condition of the stay.

## DECISION

Because Moody consented to a stay of adjudication pursuant to a plea agreement in which the state agreed to cap its request for incarceration, the district court did not err or abuse its discretion in imposing jail time as a reasonable condition of probation.

**Affirmed.**