**STATE of Minnesota, Appellant,**

v.

**Chris Alan RITT, Respondent.**

No. C9-85-78.

Court of Appeals of Minnesota.

March 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., Michael Q. Lynch, Kandiyohi Co. Atty., Ann M. Gustafson, Asst. Co. Atty., Willmar, for appellant.

John E. Mack, New London, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

Respondent Chris Alan Ritt pleaded guilty to aiding John Biederstedt in an aggravated robbery, Minn.Stat. §§ 609.245, 609.05, subd. 1 (1982), of a convenience store in Willmar, Minnesota. Biederstedt pointed a pistol at the attendant while Ritt placed the money into a bag.

The trial court departed dispositionally and stayed execution and imposition of sentence both from the sentence under the Sentencing Guidelines and from the mandatory minimum sentence of Minn.Stat. § 609.11 (1982). The probation conditions included (1) 90 days in jail, (2) 400 hours community service, (3) 140 hours voluntary time at St. Cloud Correctional Institute, (4) direct apology to the manager of the store which was robbed, and (5) placement under "house arrest" for fall and winter quarters at St. Cloud State, which Ritt was attending.

### DECISION

The trial court based its departure on Ritt's "amenability to probation." The record shows this was Ritt's first offense, he was and is attending St. Cloud State, he had no juvenile record, he has an intact family supporting him, and his prospects for contributing to the community are considerable. The probation officer who prepared the presentence investigation report recommended probation. Under the authority of *State v. Olson*, 325 N.W.2d 13 (Minn.1982), and *State v. Trog*, 323 N.W.2d

28, 31 (Minn.1982), we cannot say the trial court abused its discretion in its dispositional departure.

Affirmed.