**STATE of Minnesota, Respondent,**

v.

**William Won VanZEE, Appellant.**

No. C9–95–1197.

Court of Appeals of Minnesota.

April 23, 1996.

Review Denied July 10, 1996.

388

John M. Stuart, State Public Defender, Sharon E. Jacks, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Attorney General, Thomas R. Ragatz, Asst. Attorney General, St. Paul, Boyd A. Beccue, Kandiyohi County Attorney, Willmar, for respondent.

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the trial court's denial of his day-of-trial motion to represent himself and its dispositional and triple-durational sentencing departure. We affirm.

## FACTS

This appeal arises out of appellant William Won VanZee's conviction for third-degree criminal sexual conduct, in violation of Minn.

Stat. § 609.344, subd. 1(b) (Supp.1993) (sexual penetration where victim is between 13 and 16 years old and defendant is more than 24 months older). VanZee met the victim, J.C., in the summer of 1994. J.C. was 14 years old and VanZee was 27. They became friends and VanZee hired J.C. to do cleaning and clerical work at his place of business. It is undisputed that the two developed a romantic relationship during the summer.

In early October, VanZee asked J.C.'s parents for permission to date her. J.C.'s parents denied VanZee's request and told him not to have further contact with her. Because the two continued to see each other, J.C.'s father obtained a restraining order prohibiting VanZee from being in contact with J.C.

Nine days later, J.C. ran away. She was missing for two weeks, hiding in VanZee's house for at least the last eight days. On December 1, police executed a search warrant for VanZee's home and found J.C. behind a secret panel (pointed out by VanZee's wife, who was also living in the home).

After J.C. revealed that she and VanZee had had consensual sexual intercourse 10 to 15 times, VanZee was charged with third-degree criminal sexual conduct in violation of Minn.Stat. § 609.344, subd. 1(b). J.C. so testified at trial, but VanZee denied the conduct.

The morning trial was scheduled to begin, and after a jury panel had been called for voir dire, VanZee sought to dismiss his public defender, Ronald Selander, and to represent himself, with Selander serving as stand-by counsel. The judge asked for information regarding the circumstances of VanZee's decision. Selander told the judge that while in jail VanZee had asked for Selander's help in getting access to some law books and that Selander had spoken with the jail guards about the request for the books approximately three weeks before the trial. VanZee first tentatively mentioned the possibility of proceeding pro se 11 days before trial, at the omnibus hearing, but abandoned the idea. At the time he had a copy of *State v. Richards*, 456 N.W.2d 260 (Minn.1990) (discussing right to self-representation).

The judge asked VanZee some questions about his education and informed him of his basic rights to representation. He then asked if VanZee was ready to proceed to trial. VanZee had already noted that he had begun to prepare his opening statement, but indicated that he was not ready to proceed to trial, in part because he had not had an opportunity to view a video interview of the victim. The State indicated that it would be difficult for VanZee to prepare for trial adequately because he had been placed in isolation at the jail as a result of repeated attempts to contact the victim. The judge denied VanZee's motion, finding that it was made "simply for delay."

The jury found VanZee guilty. The judge sentenced VanZee to an executed term of 54 months, a dispositional and triple-durational departure from the presumptive sentence.

VanZee appeals, challenging the trial court's denial of self-representation and the sentencing departure.

## ISSUES

I. Did the trial court clearly err in finding that VanZee's day-of-trial request to represent himself was made for delay?

II. Was the trial court's sentencing departure an abuse of discretion?

## ANALYSIS

### I. Denial of Motion to Self–Represent

Defendants in state criminal proceedings have a federal constitutional right to represent themselves under the Sixth and Fourteenth Amendments. *Richards*, 456 N.W.2d at 263 (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). The right is so fundamental that it is not subject to harmless error analysis. *Id.; State v. Thornblad*, 513 N.W.2d 260, 262 (Minn.App.1994).

When a criminal defendant asks to represent himself, the court must determine (1) whether the request is clear, unequivocal, and timely, and (2) whether the defendant knowingly and intelligently waives his right to counsel.

*Richards,* 456 N.W.2d at 263 (footnote omitted). VanZee concedes, in effect, that if his motion was made solely to delay the proceedings, the trial court's denial was proper. *See id.* n. 2 (citing *Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982), for the view that "a self-representation request is untimely if interposed solely for delay.").

■ We review the trial court's factual finding that VanZee's motion was made for purposes of delay under the clearly erroneous standard. *See, e.g., id.* at 264 (reviewing factual finding of knowing and intelligent waiver of counsel under clearly erroneous standard). The trial court's finding in this case was not clearly erroneous because the totality of the evidence fully supports an inference that VanZee was attempting to delay the trial. VanZee knew that he had the right to self-represent and even claims that he spoke with the omnibus hearing judge about that right.

Perhaps the most important evidence supporting the finding of dilatory motive is the fact that throughout VanZee's incarceration before trial he was pressuring the victim to change her testimony. Indeed, a sequestration order was in place on the date of trial because of evidence that he was smuggling letters to her from jail and contacting her friends by telephone to relay communications. The trial court could properly infer that VanZee was trying to extend the time during which he could exert further influence on the victim.

■ Even apart from the trial court's finding of dilatory motive, we would affirm on the grounds of untimeliness. Although some courts hold that a motion to proceed pro se is timely as a matter of law if made before the jury panel is sworn, others hold that such a motion is untimely "where the request is not made a reasonable time before trial and there is no good cause justifying [its] lateness[.]" *See Lyons v. State,* 106 Nev. 438, 796 P.2d 210, 214 (1990) (discussing the two approaches and adopting the latter), *cert.*

*denied sub nom. Lyons v. Hatcher,* 507 U.S. 1022, 113 S.Ct. 1824, 123 L.Ed.2d 453 (1993). We are persuaded that the latter approach is the better rule.

In this case, VanZee's attempts to justify his belated motion leave us unconvinced. He knew of his right to self-represent weeks before the trial. In fact, by the day of the trial, he had begun to prepare his opening statement, but had failed to complete it despite his full awareness that trial was imminent. Further, had the trial court granted his request, the delay to allow him time to review the evidence would have been several days, if not more. VanZee's isolation status in jail would have made access to the necessary materials especially difficult.[1]

■ At the time of VanZee's motion, a jury panel had been called and trial was about to begin. In such a circumstance, a trial court must be permitted to deny self-representation absent a compelling justification. *See Hamiel v. State,* 92 Wis.2d 656, 285 N.W.2d 639, 648–49 (1979) (denial of self-representation upheld where defendant failed to explain lateness of his day-of-trial request, and where granting request would have necessitated continuance to allow defendant proper time to prepare).

## II. Sentencing Departure

■ VanZee's sentence represents both a dispositional and a durational departure. He does not dispute that some grounds exist for departing, but suggests that he should have received a double durational departure at most. The decision to depart from sentencing guidelines rests within the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981). The general issue in deciding whether to depart is

> whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question.

---

1. Two weeks after the judge ordered VanZee not to have any contact with J.C., the State moved that VanZee be placed in isolation for violating that order. The State presented two taped telephone conversations in which VanZee told J.C. to send a letter to the judge recanting her testimony and to go into foster care to show that she testified falsely because she was scared of her parents. The judge granted the State's motion and ordered that VanZee be placed in isolation.

*State v. Broten,* 343 N.W.2d 38, 41 (Minn. 1984). The normal limit on an upward departure is double the presumptive sentence, but an even greater departure may be warranted where the facts are "unusually compelling." *State v. Evans,* 311 N.W.2d 481, 483 (Minn.1981). If the case presents "severe aggravating circumstances," the only limit on sentence duration is the statutory maximum. *State v. Mortland,* 399 N.W.2d 92, 94 (Minn.1987). In this case, the trial court found several bases for departure.

## A. Abuse of Position of Trust and Authority

VanZee claims that abuse of a position of trust and authority was improperly considered by the trial court because J.C.'s testimony was equivocal "at best" as to whether their first sexual intercourse occurred after he hired her. The distinction is irrelevant; even if they had had intercourse before J.C. was hired, the factor would be properly considered as to their subsequent sexual relations.

## B. Multiple Incidents

It is improper to consider an element of the crime as an aggravating factor supporting departure at sentencing. *State v. Brusven,* 327 N.W.2d 591, 593 (Minn.1982). VanZee argues that the trial court's reliance on multiple acts of intercourse was improper as a departure factor because those facts were relied on in determining his guilt. VanZee was convicted, however, of only one count of third-degree criminal sexual conduct, in violation of Minn.Stat. § 609.344, subd. 1(b). That conviction requires only one act of penetration.[2] VanZee notes that the complaint charged him with sexual penetration "at various times during the summer and fall of 1994," but that is irrelevant to the issue of whether the crime for which he was convicted required multiple acts.

## C. Harboring Victim

VanZee argues that it was improper for the trial court to consider his

harboring of the victim because the harboring occurred in another county and he had already been punished for that conduct by his guilty plea to third-degree criminal sexual conduct in that county. As an initial matter, we do not see that his guilty plea to criminal sexual conduct necessarily punishes him for the act of harboring the victim. In any event, "generally it is proper for the sentencing court to consider the course of conduct underlying the charge for which the defendant is being sentenced." *State v. Cox,* 343 N.W.2d 641, 643 (Minn.1984). VanZee's act of hiding the victim in his house and lying about her whereabouts are part of the conduct underlying his offense, and thus were properly considered by the trial court in its decision to depart.

## D. Lack of Remorse

VanZee cites *State v. McGee,* 347 N.W.2d 802, 806 n. 1 (Minn.1984), for the proposition that, although lack of remorse may properly support a dispositional departure, it is generally not appropriate as a factor justifying a durational departure. The very footnote cited, though, goes on to state that

> there may be cases in which the defendant's lack of remorse could relate back and be considered as evidence bearing on a determination of the cruelty or seriousness of the conduct on which the conviction was based.

*Id.* This is just such a case.

VanZee ignored the victim's parents' instructions to have no contact with her. He violated a restraining order. He lied to police about the victim's whereabouts, even when she had been missing for two weeks. Before trial, VanZee violated the judge's no-contact order by pressuring the victim not to cooperate with the prosecution. After the verdict, VanZee again violated a no-contact order. There is overwhelming evidence that VanZee throughout lacked any remorse for his conduct. This lack of remorse "relates

---

**2.** Minn.Stat. § 609.344, subd. 1(g)(iii), which was not the provision at issue here, applies to "multiple acts committed over an extended period of time" where the victim is between the ages

. of 16 and 18. Thus, it seems clear that, had the legislature meant to include multiple acts as an element of the crime for which VanZee was convicted, it would have done so.

back" and demonstrates the seriousness of his offense. Therefore, it was properly considered as an aggravating factor justifying an upward durational departure.

### E. Unamenability to Probation

█ VanZee notes correctly that unamenability to probation may only be used to support a dispositional, as opposed to a durational, departure. *State v. Chaklos,* 528 N.W.2d 225, 228 (Minn.1995); *State v. Ott,* 341 N.W.2d 883, 884 (Minn.1984). We do not think that the trial court meant to rely on VanZee's unamenability to probation for more than the dispositional departure. Even if it did, however, other factors more than adequately support the durational departure.

### F. Triple Durational Departure

The trial court did not clearly err in finding that a greater-than-double upward durational departure was warranted. VanZee's conduct throughout truly demonstrates a much more serious offense than a typical third-degree statutory rape.

### DECISION

The trial court did not clearly err in finding that VanZee's day-of-trial motion to represent himself was made for dilatory purposes. Therefore, his motion was properly denied. Further, even absent dilatory intent, VanZee's failure to provide a compelling justification for the lateness of the motion would have supported a denial.

The trial court's triple-durational departure was not an abuse of discretion.

**Affirmed.**