**STATE of Minnesota, Appellant,**

v.

**Chad Paul DONNAY, Respondent.**

**No. C5–99–654.**

Court of Appeals of Minnesota.

Sept. 7, 1999.

Review Denied Nov. 17, 1999.

---

Mike Hatch, Attorney General, St. Paul, and Amy Klobuchar, Hennepin County Attorney, Beverly J. Benson and Paul R. Scoggin, Assistant County Attorneys, Minneapolis, for appellant.

Joseph S. Friedberg, Minneapolis, and Lisa Lodin Peralta, St. Paul, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, SCHUMACHER, Judge, and THOREEN,* Judge.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

SCHUMACHER, Judge.

The State of Minnesota appeals from a dispositional and durational sentencing departure by the district court in the criminal vehicular operation conviction of respondent Chad Paul Donnay. We affirm as modified.

## FACTS

Donnay was driving his mother's 1997 BMW sedan in the early morning hours of April 11, 1998. Paul Cunningham, Troy Eidem, and Daniel Terry were passengers in the vehicle. Donnay was driving the vehicle at a speed of 65–90 miles per hour on a road with a 25–mile–per–hour posted speed limit. He lost control and the vehicle left the ground for about 215 feet, hit some rocks, turned sideways, and hit a tree, splitting the vehicle in half. As a result, Cunningham and Eidem were killed and Terry was seriously injured. Blood drawn from Donnay after the accident showed his blood alcohol level to be .11. The state charged Donnay with six counts of criminal vehicular operation under Minn.Stat. § 609.21 (1996). Donnay pleaded guilty to all charges.

A sentencing investigation took place, and Donnay underwent several psychiatric examinations. At the sentencing hearing, Donnay's friends testified as to his remorse over the deaths of his friends, and the victims' families provided impact statements. His probation officer stated Donnay was remorseful and recommended a downward durational departure to 24 months, citing mitigating factors of no chemical dependency, no prior record, and the wishes of the victims' families. She also recommended consecutive 10–year probationary sentences conditioned on no driving for three years, restitution, no use of alcohol or drugs, random urine analysis tests, a note to the victims' families each April 11, and a $6,000 fine, with $3,000 stayed.

Donnay moved for a dispositional departure. He argued that he was amenable to probation and a downward dispositional departure would be comparable to sentences imposed in similar cases. The state moved for an upward departure. On each of three counts, the district court sentenced Donnay to 48 months to run consecutively, but stayed execution of the sentence for 10 years in lieu of 1 year for each count to be served in the Hennepin County Adult Correction Facility. The district court also imposed other conditions of probation.

## ISSUES

1. Did the district court err in making a dispositional departure?

2. Did the district court err in making a durational departure?

## ANALYSIS

The decision to depart from the sentencing guidelines rests within the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *State v. VanZee*, 547 N.W.2d 387, 391 (Minn.App.1996), *review denied* (Minn. July 10, 1996). The trial court must order the presumptive sentence provided in the sentencing guidelines unless the case involves "substantial and compelling circumstances" warranting a departure. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). Appellate courts, however, do not generally interfere with a trial court's decision to depart downward. *Id.*

1. The state claims the district court abused its discretion in granting a dispositional departure by relying on improper grounds. The district court stayed execution of the sentence based on Donnay's remorse, the recommendation of court services, the lack of any chemical dependency problem or prior record, and his amenability to probation.

The court may make a dispositional departure, placing the defendant on probation if the defendant is "particularly

amenable to probation or if offense-related mitigating circumstances are present." *State v. Love*, 350 N.W.2d 359, 361 (Minn. 1984). Though Donnay's case does not have offense-related mitigating circumstances, amenability to probation is a sufficient basis for a downward dispositional departure. *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982). In *Trog* the court delineated several factors that may be used to determine a defendant's amenability to probation:

> Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting.

*Id.* at 31. The state argues that *Trog* requires Donnay be suitable for individualized treatment, i.e., in need of chemical dependency treatment, in order to be "amenable to probation." The state contends Donnay cannot be "amenable to probation" because he has no chemical dependency problem. We disagree.

■ Although treatment has become a frequent component of probation in recent years, this trend does not disqualify defendants without treatment needs from being placed on probation. This court has utilized the *Trog* standard in several cases without discussing treatment, affirming downward dispositional departures because the defendants were found amenable to probation. *See State v. Patton*, 414 N.W.2d 572, 575 (Minn.App.1987); *State v. Ritt*, 363 N.W.2d 908, 908–09 (Minn.App. 1985). In *Ritt* the defendant was facing his first offense, was in college, had no juvenile record, had a supportive family, and the probation officer found he was amenable to probation. *Ritt*, 363 N.W.2d at 908. *Ritt* does not discuss amenability to treatment. The state cites no cases making amenability to treatment a prerequisite to probation. Furthermore, we note that a *finding* of amenability to *probation*

is not a prerequisite, either. *State v. Wittman*, 461 N.W.2d 247, 249 (Minn.App. 1990).

■ The state admits that amenability to probation is a valid reason for departure, but claims the court did not give sufficient reasons for finding Donnay amenable to probation. If the record supports departure, the departure will be affirmed. *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985). The *Trog* factors are supported by the record in this case. Donnay was 20 years old, he had no prior record, the court found him remorseful and cooperative, his attitude while in court was cooperative, and many friends and family members wrote letters to the court in his support. The record supports the court's finding that he is amenable to probation. The state has failed to show that the district court abused its discretion by granting Donnay a downward dispositional departure.

2. The state argues that the district court abused its discretion by imposing a downward durational departure from the 48–month presumptive sentence to 40 months. Donnay notes that the district court actually sentenced Donnay to 48 months, and the 40–month sentence was a typographical error in the transcript; therefore there was no durational departure. The district court has corrected the typographical error in the transcript. *See* Minn. R.Crim. P. 27.03, subd. 8 (providing that clerical mistake may be corrected at any time). The state's argument has no basis, and the district court did not abuse its discretion.

Both parties agree that the district court was incorrect in making an upward departure on the criminal vehicular operation count for causing substantial bodily harm to Terry. The statutory maximum for that crime is three years, or 36 months. Minn. Stat. § 609.21, subd. 2a. The district court sentenced Donnay to 48 months stayed. Because the 48–month sentence exceeds the statutory maximum, we reduce it to 36

months stayed. The conditions of probation remain the same.

## DECISION

The district court did not abuse its discretion by granting a dispositional departure. The 48-month sentence for the criminal vehicular operation count is reduced to 36 months stayed.

**Affirmed as modified.**