**STATE of Minnesota, Respondent,**

v.

**Toyie Diane COTTEW, Appellant.**

No. A06–785.

Court of Appeals of Minnesota.

March 20, 2007.

Samuel A. McCloud, Carson J. Heefner, McCloud & Heefner, Shakopee, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN, and James P. Ratz, Aitkin County Attorney, Aitkin, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge; TOUSSAINT, Chief Judge; and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

Appellant challenges the district court's imposition of jail time and home confinement with electronic monitoring as intermediate sanctions for her probation violations, arguing that the district court failed to make the findings required by *State v. Austin*, 295 N.W.2d 246, 250 (Minn.1980), *reaffirmed in State v. Modtland*, 695 N.W.2d 602, 606 (Minn.2005). We affirm as modified.

## FACTS

Appellant Toyie Cottew was convicted of fourth-degree driving while impaired, a violation of Minn.Stat. §§ 169A.20, subd. 1(1), .27 (2002). The district court sentenced Cottew to 90 days in jail, stayed the execution of the sentence, and ordered supervised probation for a term of two years. As conditions of Cottew's probation, the district court ordered Cottew to pay fines and fees totaling $1,065, obey all laws, and abide by the rules of probation.

On January 3, 2006, a probation-violation report was filed, alleging that Cottew had failed to pay her fines and fees and had failed to report to her probation agent as required. Cottew admitted these violations on February 6, 2006, at a probation-violation hearing. The district court ordered Cottew to serve 20 days in jail "in the nature of an executed sentence" but ordered the term of confinement reduced to ten days if Cottew paid the remaining $125 of her financial obligations before commencing her confinement. After observing that Cottew's two-year term of probation had expired on February 2, 2006, the district court discharged Cottew from probation and commuted the remainder of her sentence.

Cottew moved for reconsideration, arguing that the district court had not made the findings required by *State v. Austin*, 295 N.W.2d 246, 250 (Minn.1980), *reaffirmed in State v. Modtland*, 695 N.W.2d 602, 606 (Minn.2005). On reconsideration, the district court explained that it did not execute Cottew's sentence; rather, it imposed intermediate sanctions. Observing that the intermediate sanctions were consistent with those it had imposed for similar probation violations, the district court affirmed the sanctions but ruled that Cottew could serve half of her term of confinement at home with electronic monitoring. The district court granted Cottew's motion to stay its order pending the resolution of this appeal.

## ISSUES

I. Was the district court required to determine that the *Austin* factors were satisfied when imposing intermediate sanctions of confinement for a probation violation?

II. Was the district court's imposition of the intermediate sanctions a correct application of Minn.Stat. § 609.135, subd. 1(a)(1) (2004), and Minn. R.Crim. P. 27.04, subd. 3(3)(b)?

## ANALYSIS

### I.

■ The district court imposed jail time and home confinement with electronic monitoring as sanctions for Cottew's probation violation without determining that the factors for probation revocation set

forth in *State v. Austin*, 295 N.W.2d 246, 250 (Minn.1980), *reaffirmed in State v. Modtland*, 695 N.W.2d 602, 606 (Minn. 2005),[1] had been met. Cottew argues that, in doing so, the district court committed reversible error. In *Austin*, the Minnesota Supreme Court established that a district court must satisfy the following three requirements before revoking probation and executing a stayed sentence: (1) designate the specific probation condition that the probationer has violated;[2] (2) find that the violation is inexcusable or intentional; and (3) find that the need for confinement outweighs the policies favoring probation. *Austin*, 295 N.W.2d at 250.

 Here, the district court did not revoke Cottew's probation and execute her sentence. Rather, as clarified at the hearing on reconsideration, the district court imposed intermediate sanctions.[3] Cottew argues that this distinction does not relieve the district court from the obligation to make *Austin* findings before the intermediate sanctions of confinement are imposed. Whether *Austin* findings are required before a district court may impose intermediate sanctions of confinement is an issue of first impression, which requires us not only to examine the express holding of *Austin*, but also to consider whether the policy considerations that inform the *Austin* decision apply with equal force to the imposition of intermediate sanctions.

In *Austin*, the defendant pleaded guilty to burglary and aggravated assault. *Id.* at 248. The district court sentenced the defendant to concurrent terms of imprisonment for these offenses but stayed the execution and placed the defendant on probation for six years. *Id.* At a subsequent probation-violation hearing, the district court found that the defendant had failed to comply with the condition of his probation that required him to undergo drug treatment, revoked the defendant's probation, and executed the sentence. *Id.* at 249. On review, the supreme court observed that "[t]he purpose of probation is rehabilitation" and cautioned that probation revocation be employed as a last resort only after rehabilitation efforts have failed. *Id.* at 250. To this end, before probation may be revoked, the third *Austin* factor requires a finding that the need for confinement outweighs the policies favoring probation. *Id.* The supreme court recently reaffirmed this holding in *Modtland* and in doing so recognized the imposition of intermediate sanctions as an alternative to probation revocation. 695 N.W.2d at 606, 607–08 n. 3. The *Modtland* court observed that, when a district court determines that the third *Austin* factor has not been satisfied, the district court may respond by "alter[ing] the terms of the defendant's probation—including *imposition of intermediate sanctions*—under Minn.Stat. § 609.135 (2004)." *Id.* at 607–08 n. 3 (emphasis added).

Unlike probation revocation, which occurs when rehabilitative treatment or service is deemed futile, an intermediate sanction is imposed based on a district court's determination that the defendant is susceptible to rehabilitation through treat-

---

1. Respondent State of Minnesota did not file a brief. We, therefore, decide this appeal on its merits, as required by Minn. R. Civ.App. P. 142.03.

2. Cottew does not dispute and the record indicates that the district court designated the specific probation conditions that Cottew violated.

3. The statutory definition of "intermediate sanction" includes, but is not limited to, "incarceration in a local jail or workhouse, home detention, electronic monitoring, [and] intensive probation." Minn.Stat. § 609.135, subd. 1(b) (2004).

ment or the deterrence value of punitive accountability. *See* Minn.Stat. § 609.135, subd. 1(b) (defining "intermediate sanction" to include incarceration in local jail or workhouse, home detention, electronic monitoring, chemical-dependency treatment, mental-health treatment, counseling, community-work service, and work service in a restorative-justice program); *Roberts v. United States,* 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943) (recognizing that purpose of probation is to "provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity"); *Developments in the Law: Alternatives to Incarceration,* 111 Harv. L.Rev. 1863, 1956 (1998) (noting that most states' criminal statutes "explicitly state that the purpose of intermediate sanctions is to rehabilitate"). Limiting a district court's ability to impose an intermediate sanction of confinement to those situations when the probation violation was intentional or inexcusable, as the second *Austin* factor requires, would hinder the district court's ability to intervene when a probationer's excusable violations necessitate a rehabilitative response.

■ Indeed, confinement as an intermediate sanction may provide a necessary incentive or "wake-up call" to comply with a rehabilitative treatment or counseling re-

gimen included in the probation conditions or to avoid antisocial activity and resume court-ordered conduct. The rehabilitative purpose of this confinement distinguishes it from the confinement resulting from an executed sentence addressed in the third *Austin* factor, which has as its primary purposes punishment and public safety by removing the defendant from society. *See* Minn. Sent. Guidelines cmt. III.C.04 (2006) (identifying punishment as a primary purpose of imprisonment). Admittedly, because of the nature of the probation violations and the timing of the hearing—four days after probation had expired—the intermediate sanctions at issue here appear more akin to deterrence through punitive accountability than rehabilitation. But we do not read *Austin* to pertain to confinement other than that triggered by probation revocation and execution of the sentence.[4] *Cf. State v. B.Y.,* 659 N.W.2d 763, 768–69 (Minn.2003) (revocation of extended-jurisdiction-juvenile probation and execution of adult sentence require application of *Austin* factors). Moreover, because intermediate sanctions are intended to effectuate the policies favoring probation, namely, rehabilitation, it would be illogical to require a district court to find that the need for confinement outweighs the policies favoring probation when imposing confinement in jail or home confinement with electronic monitoring as an intermediate sanction.

■ Intermediate sanctions, including confinement, are an alternative to an un-

4. We observe, however, that the decision to impose any sanction, intermediate or otherwise, must be the product of the district court's judgment and sound discretion and not its will. *See Burns v. United States,* 287 U.S. 216, 222–23, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932) (observing that proper exercise of judicial discretion requires "conscientious judgment, not arbitrary action"); *State v. Donnay,* 600 N.W.2d 471, 473–74 (Minn.App.

1999) (stating that downward dispositional departure placing defendant on probation is within district court's sound discretion when defendant is amenable to probation or offense-related mitigating circumstances are present), *review denied* (Minn. Nov. 17, 1999). And to the extent that any sanction is challenged on this ground, the record will be reviewed to ascertain whether the district court abused its discretion.

warranted probation revocation. *Modtland,* 695 N.W.2d at 607–08 n. 3. Because the district court did not revoke Cottew's probation, the district court did not err by imposing intermediate sanctions without making findings regarding the *Austin* factors.

## II.

We next consider whether the district court imposed the intermediate sanctions in a manner authorized by Minn.Stat. § 609.135 (2004) and Minn. R.Crim. P. 27.04. When a defendant is alleged to have violated conditions of probation imposed during a stay of execution of sentence, but the term of the stay has expired, a probation officer may seek initiation of probation-revocation proceedings within six months after expiration of the stay. Minn.Stat. § 609.14, subd. 1(b) (2004). Under these circumstances, the district court is authorized to "conduct a revocation hearing and take any action authorized under [Minn. R.Crim. P.] 27.04 at any time during or after the six-month period." *Id.* Here, the intermediate sanctions were imposed at a probation-revocation hearing held four days after the term of Cottew's probation expired. We, therefore, consider whether the district court's action was authorized under Minn. R.Crim. P. 27.04.

Rule 27.04 allows the district court to take one of two actions as a consequence of the defendant's probation violation when execution of the defendant's sentence has been stayed: (1) order execution of the sentence, or (2) continue the stay of execution and place the defendant on probation in accordance with Minn.Stat. § 609.135. Minn. R.Crim. P. 27.04, subd. 3(3)(b). Because the district court did not execute Cottew's sentence, the latter option applies.

Our analysis of whether the district court imposed the intermediate sanctions in accordance with the governing statutes and rule is complicated by the apparent conflict that exists between relevant provisions of section 609.135 and rule 27.04. Section 609.135, subdivision 1(a)(1), permits the district court to stay the execution of a sentence and "order intermediate sanctions *without* placing the defendant on probation." (Emphasis added.) [5] But rule 27.04, subdivision 3(3)(b), instructs the district court to "*place the probationer on probation* in accordance with Minn.Stat. § 609.135." (Emphasis added.) When a rule promulgated by the Minnesota Supreme Court, such as a rule of criminal procedure, conflicts with a statute, "the statute shall thereafter be of no force and effect" unless the statute relates to a matter of substantive criminal law, the rights of the accused, or other specified matters that are not at issue here.[6] Minn.Stat. § 480.059, subd. 7 (2006).

Section 609.135, subdivision 1(a)(1), relates to procedures governing the stay of imposition or execution of sentence. Because this statutory provision is procedural, section 609.135, subdivision 1(a)(1), has no force or effect to the extent that it conflicts with the requirements of rule 27.04, subdivision 3(3)(b), for imposing intermediate sanctions. Minn.Stat.

---

5. Section 609.135, subdivision 1(a)(2), provides the district court the alternative of placing "the defendant on probation with or without supervision and on the terms the [district] court prescribes, including intermediate sanctions when practicable."

6. The other enumerated matters include: the prevention of crime, training, investigation, apprehension, and reports; privacy of communications; extradition, detainers, and arrests; judgment and sentence; special rules, evidence, privileges, and witnesses; the unanimity of verdicts; or writs of habeas corpus. Minn.Stat. § 480.059, subd. 7 (2006).

§ 480.059, subd. 7. Therefore, the district court was required to place Cottew on probation when it imposed the intermediate sanctions. Minn. R.Crim. P. 27.04, subd. 3(3)(b); *see also* Minn.Stat. § 609.135, subd. 1(a)(2) (permitting district court to impose probation with conditions, including intermediate sanctions).

The district court erroneously concluded that, because Cottew's two-year probation term had expired, it was required to simultaneously impose the intermediate sanctions and discharge Cottew from probation. It is evident from the record that the district court intended to impose intermediate sanctions after the expiration of the probation term. To do so, it was required to place Cottew on probation and impose the intermediate sanctions of confinement as conditions of her probation. Minn. R.Crim. P. 27.04, subd. 3(3)(b); Minn.Stat. § 609.135, subd. 1(a)(2). Accordingly, to effectuate the district court's intent, we modify the district court's order to place Cottew on probation for the duration of the intermediate sanctions ordered by the district court.

## DECISION

Because the findings mandated by *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980), *reaffirmed in State v. Modtland*, 695 N.W.2d 602, 606 (Minn.2005), pertain to confinement resulting from an executed sentence following probation revocation, the district court did not err when it imposed intermediate sanctions of confinement without making *Austin* findings. But an intermediate sanction imposed after the original probation term has expired must be accompanied by an extension of probation. We, therefore, modify the district court's order and place Cottew on probation for the duration of the intermediate sanctions ordered by the district court.

**Affirmed as modified.**