*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0069**

State of Minnesota,
Respondent,

vs.

Kim Ronnie Blatcher,
Appellant.

**Filed December 27, 2016
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27-CR-15-6540

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Larkin, Judge; and Reyes, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

On appeal from his conviction of aiding and abetting first-degree aggravated robbery, appellant argues that the district court committed reversible error in instructing

the jury and abused its discretion by denying his motion for a downward dispositional departure.  We affirm.

## FACTS

One night in February 2015, appellant Kim Ronnie Blatcher attended a party at J.P.'s house.  Appellant was upset with M.L. because M.L. had allegedly touched appellant's girlfriend inappropriately.  J.P. contacted M.L. through Facebook, purportedly inviting him to the party to purchase a gun, but J.P.'s actual intent in inviting M.L. was to rob him.  Appellant was aware of J.P.'s plan.

When M.L. arrived at the party, appellant and J.P. confronted him.  Appellant began hitting M.L, and J.P. then started kicking M.L.  After M.L. fell to the ground, J.P. and appellant took some of M.L.'s belongings, including cash from his wallet.  As a result of the assault, two of M.L.'s teeth were chipped and he had abrasions on his back, lacerations inside his mouth, and a concussion.

Appellant was charged with one count of aiding and abetting first-degree aggravated robbery and one count of aiding and abetting third-degree assault.  A jury trial was held in September 2015, and the jury found appellant guilty of both counts. Appellant moved for a downward dispositional or durational departure.  The district court denied the motion, entered judgment of conviction on the aggravated robbery charge, and sentenced appellant to a presumptive sentence of 48 months in prison.  This appeal follows.

**D E C I S I O N**

**I.    The district court did not err in instructing the jury.**

Appellant argues that the district court committed reversible error in instructing

the jury.  We disagree.

"[District] courts are permitted considerable freedom when determining how to

instruct the jury as long as the jury instruction is not confusing or misleading on

fundamental points of the law." *State v. Gutierrez*, 667 N.W.2d 426, 434 (Minn. 2003).

In reviewing jury instructions for error, appellate courts "review the instructions in their

entirety to determine whether they fairly and adequately explain the law.  An instruction

that materially misstates the law is erroneous." *State v. Gatson*, 801 N.W.2d 134, 147

(Minn. 2011) (citation omitted).

**A.    Omission of instructions from final oral charge to the jury**

Appellant first argues that the district court erred in its final oral charge to the jury

by omitting jury instructions on (1) accomplice testimony; (2) evaluating direct and

circumstantial evidence; (3) evaluating witness testimony and credibility; and (4) the

duties of judges and juries.  The accomplice-testimony instruction was read to the jury

just before J.P. testified.  The other three omitted jury instructions were read to the jury as

part of the district court's preliminary instructions.  The record also suggests that these

three instructions were provided in written form to the jury for use during deliberation.

Because appellant did not object to the timing or manner of the district court's jury

instructions at trial, we review for plain error.  *State v. Milton*, 821 N.W.2d 789, 805

(Minn. 2012).  In reviewing for plain error, we apply a three-part test, requiring that the

3

challenging party show (1) an error, (2) that is plain, and (3) that affects the defendant's substantial rights. *Id.* An error is plain if it "contravenes case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006). If the three prongs of the plain-error test are met, a reviewing court "may correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *State v. Taylor*, 869 N.W.2d 1, 15 (Minn. 2015) (alteration omitted) (quotations omitted).

A district court may give preliminary instructions "[a]fter the jury has been impaneled and sworn, and before the opening statements." Minn. R. Crim. P. 26.03, subd. 4. With respect to the final instructions, "[t]he [district] court may instruct the jury before or after [closing] argument. Preliminary instructions need not be repeated." Minn. R. Crim. P. 26.03, subd. 19(5).

Appellant relies on *State v. Peterson*, 673 N.W.2d 482 (Minn. 2004), in arguing that the district court erred by omitting the four enumerated instructions from its final oral charge to the jury. In *Peterson*, the district court gave preliminary instructions on the presumption of innocence and the definition of proof beyond a reasonable doubt but did not reread them in the final oral charge to the jury, although written instructions were provided to the jury. 673 N.W.2d at 484–85. The supreme court held that their omission constituted a constitutional defect, requiring automatic reversal of Peterson's convictions. *Id.* at 487. The supreme court reasoned that "[t]he presumption of innocence is a fundamental component of a fair trial under our criminal justice system" and that "[t]he reasonable doubt standard of proof provides concrete substance for the presumption of innocence." *Id.* at 486 (quotation omitted).

4

Appellant reads *Peterson* broadly to require that all jury instructions, or at least the four "core" jury instructions at issue here, need to be included in the final oral charge to the jury. But, the supreme court only held in *Peterson* that a final oral charge omitting instructions on the presumption of innocence and the definition of proof beyond a reasonable doubt denies a defendant due process of law. *Id.* Moreover, this court has previously held that adequate preliminary instructions on circumstantial evidence and witness credibility "need not be repeated in final instructions." *State v. Duemke*, 352 N.W.2d 427, 432 (Minn. App. 1984).

Appellant does not cite any caselaw, rule, or standard of conduct requiring the district court to reread instructions already given on accomplice testimony, direct and circumstantial evidence, witness testimony and credibility, and the duties of the judge and the jury. We conclude that appellant has not shown that the district court's omission of the four instructions in the final oral charge to the jury was error. Because appellant cannot meet the first prong of the plain-error test, we need not consider the other prongs. *State v. Brown*, 815 N.W.2d 609, 620 (Minn. 2012).

**B.    Response to jury questions**

Appellant next argues that the district court abused its discretion in providing additional instructions to the jury in response to two questions from the jury. In response to a question from the jury, "[t]he [district] court has the discretion to decide whether to amplify previous instructions, reread previous instructions, or give no response at all." *State v. Laine*, 715 N.W.2d 425, 434 (Minn. 2006) (quotation omitted). Additional instructions may be appropriate when "the interests of justice require that the jury have a

5

full understanding of the case and the rules of law applicable to the facts under deliberation." *State v. Murphy*, 380 N.W.2d 766, 772 (Minn. 1986) (quotation omitted). We review a district court's decision to give additional instructions in response to a jury question for an abuse of discretion. *See Laine*, 715 N.W.2d at 434.

### 1. First jury question

The first question the jury asked was "[d]oes benefitting from a crime (aggravated robbery) mean an individual aided and abetted a crime?" The district court provided the following answer:

> "Benefitting from a crime" by itself does not constitute aiding and abetting. There must be proof beyond a reasonable doubt that the defendant:
> (1) Knew that th[e] crime would be or was being committed.
> (2) That the defendant, by his conduct or presence, intended to further the commission of the crime.
> (3) That the defendant's conduct or presence did further the commission of the crime.
> However, "benefitting from a crime" may be viewed as evidence on any of these three elements of aiding and abetting. Whether it is sufficient is entirely up to you.

Appellant objected to the last two sentences of the instruction.

Appellant argues that they are "confusingly contradictory," first stating that benefitting from a crime itself does not constitute aiding and abetting, but then stating that the jury could determine if benefitting from a crime is sufficient. Appellant also argues that the instruction is an inaccurate statement of the law because it instructed the jury that it could determine whether benefitting from a crime itself was sufficient to prove aiding and abetting.

6

Both of appellant's arguments stem from his misreading of the district court's instruction. The instruction must be read as a whole. *State v. Matthews*, 779 N.W.2d 543, 549 (Minn. 2010). Read in context, the instruction states that benefitting from a crime by itself does not constitute aiding and abetting, but that benefitting from a crime may constitute sufficient evidence on the individual elements of aiding and abetting. Furthermore, the instruction states that the jury may determine whether benefitting from a crime, alone or in combination with other circumstances, is sufficient to satisfy an individual element, which is a correct statement of the law. *See State v. Crow*, 730 N.W.2d 272, 280 (Minn. 2007).

### 2. Second jury question

The second question the jury asked was "[w]hat is the definition of 'intentionally' and is there any requirement of premeditation?" The district court instructed the jury as to the definition of "intentionally" and stated that "[t]here is no requirement that premeditation be proved in this case." The remainder of the instruction reads as follows:

> The term "premeditation" as used here means that the defendant considered, planned, prepared for, or determined to commit the act before he committed it. It is not necessary that premeditation exist for a specific length of time. A premeditated decision to act may be reached in a short period of time. An unconsidered or rash impulse is not premeditated.
> By the way, both intent and premeditation, being processes of the mind, [are] wholly subjective and hence not always susceptible to proof by direct evidence. It may be inferred from all the circumstances surrounding the event—in other words, it may be proved by circumstantial evidence.

At trial, appellant only objected to the final paragraph of the instruction, but on appeal he also challenges the portion of the preceding paragraph cited above.

7

Appellant does not argue that the instruction misstated the law, but argues that the objected-to portion of the instruction was "confusing, and introduced, defined, and discussed methods of proof of legal concepts that were completely irrelevant to the case." We are not persuaded. While the jury did not need to know the definition of premeditation or the methods of proof for premeditation, the jury's question reflected its confusion regarding the concepts of intent and premeditation and what needed to be proved in the case. The supplemental instruction, which defined the two concepts, clarified that there was no requirement of premeditation and stated that both intent and premeditation may be proved by circumstantial evidence. The instruction did not mislead the jury on a fundamental point of law.

In conclusion, because the district court's supplemental instructions in response to the jury's questions correctly stated the law and were not misleading or confusing on a fundamental point of law, we conclude that the district court did not abuse its discretion by providing the instructions.

## II. The district court did not abuse its discretion by denying appellant's motion for a downward dispositional departure.

Appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure from the sentencing guidelines. We disagree.

Appellate courts "afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of discretion." *State v. Soto*, 855 N.W.2d 303, 307–08 (Minn. 2014) (quotation omitted). A district court must impose the presumptive sentence under the sentencing guidelines unless there are

8

"substantial[] and compelling circumstances" that warrant departure. Minn. Sent. Guidelines 2.D.1 (2014). "Substantial and compelling circumstances are those that make the case atypical." *State v. Peter*, 825 N.W.2d 126, 129 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013). Only in a "rare" case will an appellate court reverse a district court's refusal to depart. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

In denying appellant's motion, the district court explained its reasoning as follows:

> I think some of the arguments raised by [defense counsel] are good, but in order to reach them, I have to believe you. However, the jury chose not to, so I don't think I have the luxury to do that. And I heard the testimony by the witnesses to the contrary as well. So I would say that, given the factors [the prosecutor] referred to, in some instances they could have at least led to an argument for an upward departure.

The district court sentenced appellant to 48 months in prison, the middle of the presumptive range of sentences for defendants with appellant's criminal history.

Appellant argues that the district court abused its discretion in denying his motion for a downward dispositional departure because he is particularly amenable to probation. A district court may depart dispositionally "if the defendant is particularly amenable to probation or if offense-related mitigating circumstances are present." *State v. Donnay*, 600 N.W.2d 471, 473-74 (Minn. App. 1999) (quotation omitted), *review denied* (Minn. Nov. 17, 1999). A number of factors, "including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family," are relevant to the determination of whether an individual is particularly amenable to probation. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982).

9

In support of his motion for a downward dispositional departure, Blatcher argued that he lacked substantial capacity for judgment on the day of the assault; he accepted responsibility for hitting M.L.; he showed remorse; and he was respectful throughout the court proceedings. However, a district court is not required to depart dispositionally, even if the defendant is particularly amenable to probation. *State v. Olson*, 765 N.W.2d 662, 664–65 (Minn. App. 2009). And, there is evidence indicating that appellant planned the attack with J.P., instigated the assault on M.L., and prevented others from aiding M.L. Moreover, while the district court did not discuss the *Trog* factors cited by appellant, there is no requirement that the district court explain its reasons for imposing a presumptive sentence. *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985).

Appellant argues that the record shows that the district court failed to consider the circumstances for and against departure because it apparently believed "that the jury's verdict and resolution of the evidence as to guilt precluded any exercise of its discretion at sentencing." "If the district court has discretion to depart from a presumptive sentence, it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011) (quotation omitted).

Appellant misinterprets the district court's comments. Some of the factors cited by appellant in his motion were inconsistent with the jury's determination that he was guilty of aiding and abetting aggravated robbery. Appellant's argument that he lacked substantial capacity for judgment when confronting M.L. is inconsistent with the evidence presented to the jury that appellant preplanned the robbery with J.P., participated in the robbery, and shared in the proceeds of the robbery. Similarly,

10

appellant's arguments that he accepted responsibility and showed remorse are undercut by the fact that he only admitted to punching M.L. and continued to deny his involvement in the robbery. To the extent that appellant's arguments for a departure are inconsistent with the jury's determination of litigated issues, the district court did not err in refusing to consider those circumstances in deciding whether to grant appellant's motion. Moreover, the district court's comment that the factors referred to by the prosecutor could support an argument for an upward departure demonstrates its recognition that a decision regarding a departure motion cannot be made by merely deferring to the jury verdict. We conclude that this is not the "rare" case where the district court abused its discretion by denying appellant's motion for a downward dispositional departure.

**Affirmed.**